IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PASCO BUCCI AND MARIA LISA BUCCI   :
AS THE ADMINISTRATOR OF THE ESTAE OF   :
OF ANNA BUCCI,   :
      Plaintiffs,   :
  :   NO:
v.   :
  :
PROGRESSIVE CASUALTY INSURANCE COMPANY :
    Defendant.   :
  :

<u>COMPLAINT</u>

1. Plaintiff, Pasco Bucci, (sometimes hereinafter referred to as either "Plaintiff" and/or "Mr. Bucci") is a resident and citizen of the City of Cranston, the State of Rhode Island.

2. Plaintiff, Maria Lisa Bucci, (sometimes hereinafter referred to as either "Plaintiff" and/or "Ms. Bucci") is the administrator of the Estate of Anna E. Bucci, is an individual that resided in Cranston, Rhode Island.

3. Upon information and belief, Defendant, Progressive Casualty Insurance Company (hereinafter "Defendant" and/or "Progressive") is a business corporation having its citizenship and principal place of business in the State of Ohio.

JURISDICTION AND VENUE

4. Upon information and belief, Progressive has at all times relevant hereto been authorized to engage in the business of insurance in the State of Rhode Island and is subject to the jurisdiction of this court.

5. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that this is a civil action wherein the matter in controversy exceeds the value of $75,000 (exclusive of interest and costs) and is between citizens of different states.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), since the events giving rise to the plaintiff's claims occurred or had their effect within this judicial district.

FACTUAL BACKGROUND (PASCO BUCCI)

7. On or about May 24, 2019, on Budlong Road, a public highway in the City of Cranston, State of Rhode Island, Plaintiff, Pasco Bucci was the owner and operator of a motor vehicle traveling in a generally Northbound direction.

8. On such day and at such place, another motor vehicle, owned by Juan Justiniano Sarco, ("Sarco") and operated by Juan Justiniano Ortiz ("Ortiz") was driven in such a reckless, heedless, negligent, and illegal manner and enter the southbound lane of travel that it collided with Plaintiff, Pasco Bucci's vehicle.

9. As a direct result of the actions and negligence of Ortiz, operator, and Saco, owner, Plaintiff, Pasco Bucci was thrown about inside his motor vehicle with great force, proximately resulting in Mr. Bucci suffering injuries to his person that, in turn, caused him to (a) seek and undergo medical treatment and incur expense for the same, (b) suffer greatly in body and mind, (c) suffer a loss of earnings or earning capacity, (d) be unable to carry on and conduct his normal daily activities, and (e) he was otherwise greatly dandified.

The Insurance Policies applicable to Plaintiff's Claims for Damages

10. At the time of the accident, The Travelers Home, and Marine Insurance Company ("Travelers") had issued an automobile liability insurance policy to Sarco which was in full force and effect, providing bodily injury liability coverage for him with applicable limits of twenty-five thousand ($25,000) dollars ("the Travelers policy").

11. At the time of the accident, Progressive had issued an automobile insurance policy to Plaintiff Pasco Bucci (numbered 918941769), that was in full force and effect, providing underinsured motorist ("UIM") coverage to Plaintiff, Pasco Bucci, (sometimes hereinafter referred to as either "Plaintiff" and/or "Mr. Bucci") is a resident and citizen of the City of Cranston, the State of Rhode Island and Mr. Pasco Bucci with applicable limits of Fifty thousand per person $50,000.00 dollars / $100,000.00 dollars per accident dollars ("the Progressive policy").

12. Mr. Pasco Bucci's bills and loss of earnings and/or loss of earning capacity exceeded the coverage available under the Travelers policy.

13. Due to the extent of Mr. Bucci's injuries, Progressive was duly and timely notified of a potential UIM claim.

14. On or about May 5, 2023, Progressive gave Plaintiff, through counsel, written permission to settle his claims against or under the Travelers policy.

15. On or about May 5, 2023, Plaintiff entered into a settlement with Travelers, releasing Saco and Ortiz in accordance with the Travelers policy and received the total sum of twenty-five thousand ($25,000) dollars, reserving his right to pursue a "UIM" claim.

16. Following settlement with Travelers, Mr. Bucci's uncompensated injuries and damages were and are still equal to the UIM coverage available under the Progressive policy.

17. A reasonable settlement demand was made to Progressive and on January 3, 2024, Progressive responded with an offer insufficient to properly address and compensate Plaintiff, Pasco Bucci, for injuries and damages. Subsequent attempts to negotiate only resulted in Progressive reiterating and repeating its original offer while disingenuously asserting that the accident had "exacerbated a pre-existing condition" and that it was "willing to explore further settlement discussions."

18. Progressive has no defenses, in fact or law, for denying proper compensation to Mr. Bucci under these circumstances.

19. Plaintiff Pasco Bucci has complied with all provisions of the Progressive policy and all conditions precedent to commencing this action.

20. The Plaintiff has uncompensated damages and expenses that are within the scope of the UIM coverage available to him under the Progressive policy and proximately caused by the aforementioned motor vehicle accident, his medical treatment, suffering in body and mind, loss of earnings or earning capacity, inability to carry on and conduct his normal everyday activities and he has been otherwise greatly damnified.

21. The preceding paragraphs of this Complaint are restated and incorporated, by reference, in each Count that follows:

COUNT I
(BREACH OF CONTRACT) PASCO BUCCI

22. Plaintiff restates Paragraphs 1 through 21, as if they were fully set forth herein in detail.

23. Defendant, Progressive, is in breach of the underinsured motorist provisions of the contract of insurance applicable to the motor

vehicle collision, which the Plaintiffs were involved in on May 24, 2019.

24. As a direct and proximate result of the actions and conduct of the Defendant, Progressive, as complained of herein, Plaintiffs have sustained damages and losses, for which they have not been compensated.

25. Defendant is liable to Plaintiff for breach of contract, pursuant to the laws of the State of Rhode Island.

COUNT II
(BAD FAITH)

26. Plaintiff restates Paragraphs 1 through 25, as if they were set forth fully herein in detail.

27. Defendant, Progressive, has wrongly and in bad faith refused to settle and pay Plaintiffs' claim in a timely manner, pursuant to the uninsured provisions of the policy of insurance.

29. By virtue of the foregoing acts alleged herein, the Defendant has knowingly, intentionally, and willfully committed one or more unfair or deceptive acts or practices, which constitutes bad faith under RIGL §9-1-33, as amended.

30. As a direct and proximate result of the actions and conduct of the Defendant as complaints of herein, Plaintiffs have sustained damages, losses, and incurred expenses, for which they have not been compensated.

31. As a direct and proximate result of the Defendant's unfair and deceptive acts and practices in refusing to settle Plaintiffs' claim in a timely manner, Plaintiffs have sustained substantial losses and damages, including, but not limited to the commencement of legal proceedings to enforce their rights under the contract of insurance.

COUNT III
LOSS OF CORSITIUM

32. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 31 of this Complaint.

33. ANNA BUCCI was the spouse of the plaintiff, PASCO BUCCI, and the person entitled by law to the care, comfort, services, and consortium of the plaintiff, PASCO BUCCI.

34. As a result of the negligence of the underinsured motorist ANNA BUCCI, sustained the loss of care, comfort, services, and consortium of her spouse, the plaintiff, PASCO BUCCI.

WHEREFORE, Plaintiff Pasco Bucci prays for judgment on their behalf, in an amount in excess of the jurisdictional limits of this Court for:

1. Compensatory damages;

2. Consequential damages;
3. Punitive damages;

4. Costs;

5. Expenses; and

6. Attorney's fees, pursuant to RIGL §9-1-33.

COUNT IV

FACTUAL BACKGROUND (ANNA BUCCI)

35. Plaintiff restates Paragraphs 1 through 34, as if they were fully set forth herein in detail.

36. On May 24, 2019, when the plaintiff, PASCO BUCCI was operating his vehicle on Budlong Road, a public highway in the City of Cranston, State of Rhode Island, ANNA BUCCI was a front seat passenger in the plaintiff, PASCO BUCCI's vehicle.

37. On such day and at such place, another motor vehicle, owned by Juan Justiniano Sarco, ("Sarco") and operated by Juan Justiniano Ortiz ("Ortiz") was driven in such a reckless, heedless, negligent, and illegal manner and enter the southbound lane of travel that it collided with the vehicle operated by the Plaintiff, Pasco Bucci.

38. As a direct result of the actions and negligence of Ortiz, operator, and Saco, owner, ANNA BUCCI was thrown about inside his motor vehicle with great force, proximately resulting in ANNA BUCCI suffering injuries to her person that, in turn, caused him to (a) seek and undergo medical treatment and incur expense for the same, (b) suffer greatly in body and mind, (c) suffer a loss of earnings or earning capacity, (d) be unable to carry on and conduct her normal daily activities, and (e) she was otherwise greatly dandified.

The Insurance Policies applicable to Plaintiff's Claims for Damages

39. At the time of the accident, The Travelers Home, and Marine Insurance Company ("Travelers") had issued an automobile liability insurance policy to Sarco which was in full force and effect, providing bodily injury liability coverage for him with applicable limits of twenty-five thousand ($25,000) dollars ("the Travelers policy").

40. At the time of the accident, Progressive had issued an automobile insurance policy to Plaintiff Pasco Bucci (numbered 918941769), that was in full force and effect, providing underinsured motorist ("UIM") coverage to ANNA BUCCI, (sometimes hereinafter referred to as either "Plaintiff" and/or "Mrs. Bucci") is a resident and citizen of the City of Cranston, the State of Rhode Island  and Mr. Pasco Bucci with applicable limits of Fifty thousand per person $50,000.00 dollars / $100,000.00 dollars per accident dollars ("the Progressive policy").

41. Mrs. ANNA BUCCI's bills and loss of earnings and/or loss of earning capacity exceeded the coverage available under the Travelers policy.

42. Due to the extent of Mrs. BUCCI's injuries, Progressive was duly and timely notified of a potential UIM claim.

43. On or about May 5, 2023, Progressive gave Plaintiff's, through counsel, written permission to settle her claims against or under the Travelers policy.

44. On or about May 5, 2023, MARIA LISA BUCCI AS ADMINISTRATOR OF THE ESTATE OF ANNA BUCCI entered into a settlement with Travelers, releasing Saco and Ortiz in accordance with the Travelers policy and received the total sum of twenty-five thousand ($25,000) dollars, reserving her right to pursue a "UIM" claim.

45. Following settlement with Travelers, Mrs. ANNA BUCCI's uncompensated injuries and damages were and are still equal to the UIM coverage available under the Progressive policy.

46. A reasonable settlement demand was made to Progressive and on January 3, 2024, Progressive responded with an offer insufficient to properly address and compensate Plaintiff, Pasco Bucci, for injuries and damages. Subsequent attempts to negotiate only resulted in Progressive reiterating and repeating its original offer while disingenuously asserting that the accident had "exacerbated a pre-existing condition" and that it was "willing to explore further settlement discussions."

47. Progressive has no defenses, in fact or law, for denying proper compensation to Mrs. BUCCI under these circumstances.

48. Plaintiff has complied with all provisions of the Progressive policy and all conditions precedent to commencing this action.

49. The Plaintiff has uncompensated damages and expenses that are within the scope of the UIM coverage available to her under the Progressive policy and proximately caused by the aforementioned motor vehicle accident, her medical treatment, suffering in body and mind, loss of earnings or earning capacity, inability to carry on and conduct her normal everyday activities and she has been otherwise greatly damnified.

50. The preceding paragraphs of this Complaint are restated and incorporated, by reference, in each Count that follows:

COUNT V
(BREACH OF CONTRACT) ANNA BUCCI

51. Plaintiff restates Paragraphs 1 through 50, as if they were fully set forth herein in detail.

52. Defendant, Progressive, is in breach of the underinsured motorist provisions of the contract of insurance applicable to the motor vehicle collision, which the Plaintiffs were involved in on May 24, 2019.

53. As a direct and proximate result of the actions and conduct of the Defendant, Progressive, as complained of herein, Plaintiffs have sustained damages and losses, for which they have not been compensated.

54. Defendant is liable to Plaintiff for breach of contract, pursuant to the laws of the State of Rhode Island.

COUNT VI
(BAD FAITH) ANNA BUCCI

55. Plaintiff restates Paragraphs 1 through 54, as if they were set forth fully herein in detail.

56. Defendant, Progressive, has wrongly and in bad faith refused to settle and pay Plaintiffs' claim in a timely manner, pursuant to the uninsured provisions of the policy of insurance.

57. By virtue of the foregoing acts alleged herein, the Defendant has knowingly, intentionally, and willfully committed one or more unfair or deceptive acts or practices, which constitutes bad faith under RIGL §9-1-33, as amended.

58. As a direct and proximate result of the actions and conduct of the Defendant as complaints herein, Plaintiffs have sustained damages, losses, and incurred expenses, for which they have not been compensated.

59. As a direct and proximate result of the Defendant's unfair and deceptive acts and practices in refusing to settle Plaintiffs' claim in a timely manner, Plaintiffs have sustained substantial losses and damages, including, but not limited to the commencement of legal proceedings to enforce their rights under the contract of insurance.

COUNT VII
LOSS OF CONSORTIUM ANNA BUCCI

60. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 59 of this Complaint.

61. Plaintiff, PASCO BUCCI was the spouse of ANNA BUCCI, and the person entitled by law to the care, comfort, services, and consortium of ANNA BUCCI.

62. As a result of the negligence of the underinsured motorist Plaintiff, PASCO BUCCI, sustained the loss of care, comfort, services, and consortium of his spouse, ANNA BUCCI.

WHEREFORE, Plaintiff, MARIA LISA BUCCI, prays for judgment on their behalf, in an amount in excess of the jurisdictional limits of this Court for:

1. Compensatory damages;

2. Consequential damages;
3. Punitive damages;

4. Costs;

5. Expenses; and

6. Attorney's fees, pursuant to RIGL §9-1-33.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial, by jury, on all counts and all issues so triable.

Plaintiffs,
By their Attorneys,

/s/Wayne G. Resmini,
Wayne G. Resmini, Esq. #6373
RESMINI LAW LLC
1022 Reservoir Avenue
Cranston, RI 02910
T (401) 751-6655
F (401) 751-6282
Email:waynegresmini@msn.com

Dated: June 4, 2025