# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Pasco Bucci and Marie Bucci, as the Administrator of the Estate of Anna Bucci, Plaintiffs,<br><br>v.<br><br>Progressive Casualty Insurance Company, Defendant. | C.A. No. 1:25-cv-00263-MSM-AEM |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration of Order Granting Defendant's Motion to Sever and Stay Plaintiffs' Count II and VI and Stay Discovery against Defendant on Those Counts Pending Resolution of the Breach of Contract Counts I and V ("Motion for Reconsideration"). ECF No. 17. Defendant Progressive Casualty Insurance Company ("Defendant Progressive") opposes the Motion for Reconsideration. ECF No. 18.

Plaintiffs contend that the Court should reconsider its January 27, 2026 Text Order granting Defendant's Motion to Sever and Stay Plaintiffs' Bad Faith Counts II and VI and Stay Discovery against Defendant on Those Counts Pending Resolution of the Breach of Contract Counts I and V (ECF No. 9) ("Motion to Sever and Stay") pursuant to Federal Rule of Civil Procedure 60(b)(1). ECF No. 17 at 4. Specifically, Plaintiffs argue that reconsideration is warranted due to the "excusable neglect" of Plaintiff's counsel and is necessary to avoid substantial prejudice to Plaintiffs. *Id.* On the merits of the Motion to Sever and Stay, Plaintiffs argue that the bad faith counts should not be severed and stayed due to the advanced age of Plaintiff Pasco Bucci; because of "substantial factual overlap between the contract and bad faith claims"; for judicial economy; and because staying the bad faith insurance claim frustrates the purpose of R.I. Gen. Laws § 9-1-33. *Id.* at 4-5. Plaintiffs attach several exhibits, including medical reports from Dr. Richard Anderson and correspondence between

Plaintiffs' counsel and Tracy Foley, an employee of Defendant Progressive. ECF Nos. 17-1, 17-2, 17-3, and 17-4.

Defendant Progressive asserts that there is "no <u>substantive</u> basis for reconsidering the granting of the Motion to Sever and Stay" and "no attempt is made to address the specific concerns raised by the Court in noticing [prior] hearings." ECF No. 18 at 2. Defendant Progressive notes that there was no requirement for a hearing on its Motion to Sever and Stay, so Plaintiffs' counsel has not been "denied, in any sense, his ability to put his arguments for opposing the Moton to Sever and Stay before this Court." *Id.* Finally, Defendant Progressive raises concerns about Plaintiffs' efforts to introduce "inadmissible insurer communications" by attaching them as exhibits. *Id.* at 3.

Plaintiffs' Motion for Reconsideration, like their objection to the Motion to Sever and Stay, does not provide any details on the factual basis of the bad faith claims. *See* ECF No. 17; ECF No. 10. Instead, Plaintiffs simply state that the contract and bad faith claims "involve the same accident, injuries, medical evidence, and insurance coverage issues." ECF No. 17 at 4-5. Plaintiffs again have failed to provide information that would permit the Court to make "an assessment of the degree of overlap between bad faith and contract discovery." *Wolf v. Geico Ins. Co.*, 682 F. Supp. 2d 197, 200 (D.R.I. 2010). As such, Plaintiffs have not provided a basis for this Court to evaluate whether bad faith discovery should be permitted at this time. Plaintiffs' Motion for Reconsideration of Order Granting Defendant's Motion to Sever and Stay Plaintiffs' Count II and VI and Stay Discovery against Defendants on Those Counts Pending Resolution of the Breach of Contract Counts I and V (ECF No. 17) is DENIED.

/s/ Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

February 24, 2026